**In re CAPTRAN CREDITORS TRUST, Debtor.**

**CAPTRAN CREDITORS TRUST, Plaintiff,**

v.

**NORTH AMERICAN TITLE INSURANCE AGENCY, George Mills, Joan Smock and Captran Resorts International, Inc., Defendants.**

**Bankruptcy No. 85–45–8P1.**
**Adv. No. 87–218.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 16, 1988.

Malka Isaak, Tampa, Fla., for plaintiff.

Thomas B. Hayes, Ft. Myers, Fla., for defendants.

Jeffrey Warren, Tampa, Fla., for George Mills and Joan Smock.

### ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dismiss a Complaint filed by the Debtor against North American Title Insurance Agency, George Mills, Joan Smock and Captran Resorts International, Inc. The Complaint which consists of two counts seeks compensatory damages pursuant to § 303(i) of the Bankruptcy Code in Count I and seeks punitive damages in Count II of the Complaint, pursuant to the same Code section. The Motion under consideration was filed by George Mills (Mills) and Joan Smock (Smock) who contend that the claims set forth by the Debtor in both Counts are fatally defective and non-curable, therefore, should be dismissed with prejudice.

The procedural background of the issues raised by the Motion to Dismiss can be best highlighted by a brief recapture of the events which occurred in this Chapter 11 case.

On January 9, 1985, North American Title Insurance Agency (North American), Mills, and Smock filed an involuntary petition against Captran Creditors Trust (Debtor) and sought an Order for relief pursuant to § 303 of the Bankruptcy Code. On February 8, 1985, the attorney for Michael Glantz and Joe T. Wear, Jr., who claimed to be successor trustees of the Debtor, filed a Motion to Dismiss the involuntary case on the basis that the petition failed to join indispensable parties and also urging the dismissal on the basis that the Debtor is ineligible for relief under any of the operating chapters of the Bankruptcy Code because it is a trust and not a corporation as defined by § 101(8)(A)(v) of the Bankruptcy Code. After extensive discovery the matter was argued and on October 3, 1985, this Court entered an Order and denied the Motion to Dismiss and concluded that the Debtor qualifies for relief inasmuch as it is a "business trust" and directed the Debtor to file its answer to the involuntary petition.

On October 18, 1985, the Debtor filed its Answer and controverted the allegations set forth in the involuntary petition filed by the Defendant. On June 24, 1986, the Debtor filed a renewed Motion to Dismiss the involuntary case on the basis that North American, one of the petitioning creditors, does not have a valid, allowable claim against the Debtor, that the petitioning creditor Mills, equally not a creditor of the Debtor, neither is the petitioning creditor Smock. The Motion also challenged the right of Captran Resorts International Inc.,

(CRI) to join in the involuntary petition on the basis that it also has no valid legal claim against the Debtor. The Motion which was filed after the Final Evidentiary Hearing already had been scheduled for June 26, 1986, was never actually heard. Neither was the trial held because the Debtor consented to the entry of an Order for Relief, which was entered on June 26, 1986, which ordered that the administration of the case now proceed under Chapter 11 of the Bankruptcy Code. The Order also authorized the Debtor to remain in possession of its properties and to operate same with full powers as a debtor-in-possession pursuant to § 1107 of the Bankruptcy Code.

The Order for Relief entered by consent of the Debtor specifically stated, however, that the entry of the Order shall not be construed to be any admission of the facts alleged in the involuntary petition and most importantly it provided that the rights of the Debtor under § 303(i) shall be preserved notwithstanding the entry of the Order for relief as though the Motion to Dismiss had been granted and followed by a voluntary Chapter 11 petition.

The Motion to Dismiss the Complaint under consideration is based on the contention that the Complaint fails to state a claim for which relief can be granted for the simple reason that the sanctions provisions of § 303(i) is available only to a Debtor if the petition was dismissed by the Court and inasmuch as the involuntary case was never dismissed the Debtor has no valid claim which the Debtor may assert against the Defendants.

In opposing the Motion to Dismiss the Debtor admits, as it must, that technically there was no Order of Dismissal ever entered in this case and the literal reading of § 303(i) requires a dismissal as condition precedent to the imposition of sanctions. However, it is contended by the Debtor that nevertheless it is entitled to seek and obtain sanctions against the Defendants because the Order for relief was entered by consent with the specific proviso that its rights under § 303(i) are expressly preserved, and most importantly, the Order was entered under the condition that the same is based on the premise that the involuntary Chapter 11 was in fact dismissed and the case will be treated basically as a voluntary Chapter 11.

The Court heard argument of counsel for the respective parties and considered the record and is satisfied that the Motion to Dismiss is not well taken for the following reasons:

First it is true that § 303(i) of the Bankruptcy technically requires an Order of Dismissal before sanctions can be imposed for filing an involuntary petition in bad faith. However, it is equally true that while it might have been clearer if the involuntary case was in fact dismissed and the Debtor filed its own voluntary petition, clearly that was the expressed effect of the Order for Relief. Thus, it is crystal clear that the parties understood and agreed and the petitioning creditors well knew that the Debtor intended to pursue them for sanctions under § 303(i). The Order specifically stated that the parties desired to treat the involuntary case as if it had been dismissed and the case treated as a voluntary Chapter 11 case albeit commencing not on the date of the entry of the Order for relief, but commencing on the date the original involuntary petition was filed.

Considering the background of this hotly contested involuntary case, the nature of the controversy and the fact that the Final Evidentiary Hearing was not scheduled until over a year and a half after the commencement of the involuntary case, it is understandable that the Debtor followed the course of action it did in order to preserve the original filing date for the purpose of retaining the 90 day preference period and any other time frames which are relevant running from the date of the original petition.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied, and the petitioning creditors have 20 days to file their Answer to the Complaint. It is further

ORDERED, ADJUDGED AND DECREED if no Answer is filed within the

time fixed the Debtor may proceed to seek and obtain relief under the Defendant provisions of part VII of the Bankruptcy Rules. It is further

ORDERED, ADJUDGED AND DECREED the matter shall promptly be scheduled for pretrial conference.